UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:10cr235-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIAN KEITH ROGERS, )<br>)<br>Defendant. ) | **PRELIMINARY ORDER<br>OF FORFEITURE** |

In the Bill of Indictment in this case, the United States sought forfeiture of property of the Defendant as property that was used or intended to be used to facilitate the crimes charged, which would be subject to forfeiture under 21 U.S.C. § 853.

Defendant pled guilty to Count One in the Bill of Indictment; and admitted to being in fact guilty of the offense charged in that count. Based on Defendant's plea and consent as set forth in the plea agreement, the Court finds a substantial nexus between the offense of conviction and the specific property as described below.

It is therefore ORDERED:

1. Based upon Defendant's plea of guilty, the United States is authorized to seize the following property belonging to Defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

**One Remington Arms Company, Inc., 870 Express 12 gauge shotgun, serial number W812299M and ammunition.**

2. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and

notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: July 6, 2011

David C. Keesler
United States Magistrate Judge